UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DWAUN JACOBS,**

      **Plaintiff,**

  v.                              Civil Action 2:20-cv-915
                                     Judge Edmund A. Sargus, Jr.
                                     Magistrate Judge Chelsey M. Vascura

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Dwaun Jacobs ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Social Security Benefits (ECF No. 4). This matter is before the Court on the Commissioner's Motion to Dismiss Untimely Complaint, or Alternatively, Motion for Summary Judgment (ECF No. 6) and Plaintiff's Response in Opposition (ECF No. 7). The Commissioner has not filed a reply, and the time to do so has now expired. For the reasons that follow, it is **RECOMMENDED** that summary judgment be **GRANTED** in favor of the Commissioner.

                  **I.**      **BACKGROUND**

On October 29, 2018, an Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for supplemental security income and mailed a copy thereof to Plaintiff. (Potts Dec. ¶ 3(a), ECF No. 6-1; ALJ Decision, ECF No. 6-1, PAGEID #41.) Plaintiff requested review of the decision, and on June 12, 2019, the Appeals Council denied that request via a written mailed Notice. (Potts Dec. ¶ 3(a), ECF No. 6-1; Notice of Appeals Council Action, ECF

No. 6-1, PAGEID #42.)  The Notice of the Appeals Council's action informed Plaintiff that he had sixty days from the date of receipt to commence an action in federal court.  (*Id.*, PAGEID #43.)  The Appeals Council's denial of review rendered the ALJ's decision the "final decision" of the Commissioner, subject to judicial review under 42 U.S.C. § 405(g).  *See* 20 C.F.R. § 404.981.  The Commissioner does not have any records of Plaintiff asking for extension to file a civil action, nor does he allege in his Complaint that he requested such an extension.  (Potts Dec. ¶ 3(b), ECF No. 6-1; Compl., ECF No. 4.)  Plaintiff did not commence this action for judicial review of the ALJ's decision until February 19, 2020, which was 14 days after the deadline.  (ECF No. 1).  His Complaint did not allege that it was timely, nor did he allege he had good cause for filing his Complaint after the deadline. (ECF No. 4.)

The Commissioner filed the present motion on April 15, 2020.  (ECF No. 6.)  Plaintiff filed his response in opposition on April 28, 2020.  (ECF No. 7.)  In his response, Plaintiff states that "I was given the wrong information from the social security administration about how long I had to file my appeal.  They told me I had to the end of February to file because I had to file a civil action appeal."  (Resp. 1, ECF No. 7.)

## II.    STANDARDS OF REVIEW

### A.    Dismissal under Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss under Rule 12(b)(6), the Court must "accept non-conclusory allegations of fact in the complaint as true and determine if the plaintiff has stated a plausible clam for relief."  *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 846 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

**B.     Summary Judgment**

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citation omitted). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an

essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

### III. ANALYSIS

Because the undersigned relies on documents not attached to or referred to in the Complaint, the undersigned analyzes the Commissioner's Motion under the summary judgment standard.

The undisputed facts establish that Plaintiff's Complaint was untimely. Section 405(g) of the Social Security Act provides that "any individual . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The implementing regulations consistently provide, "[a]ny civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . is received by the individual . . . except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c). A claimant is presumed to have received the notice of the Appeals Council's denial of request for review five days after the date of the notice, unless the claimant can make a reasonable showing otherwise. *Id*. Applying these rules here, Plaintiff is presumed to have received the December 2, 2019 letter by December 7, 2019. Thus, Plaintiff had to file his Complaint on or before February 5, 2020, in order to comply with the limitations period of § 405(g). Plaintiff did not file until February 19, 2020. (ECF No. 1.) Nor did he request an extension of time to file his Complaint after the deadline. (Potts Aff. ¶ 3(b), ECF No. 6-1.)

Plaintiff's sole argument against dismissal or summary judgment is that the Social Security Administration incorrectly told him the deadline for commencing an action for court review of the Commissioner's decision was "the end of February." (Resp. 1, ECF No. 7.)

4

However, the Notice of the Appeals Council's action (which Plaintiff does not deny receiving) accurately informed Plaintiff that he had sixty days from the date of receipt to commence an action in federal court.  (Potts Dec. ¶ 3(a), ECF No. 6-1; Notice of Appeals Council Action, ECF No. 6-1, PAGEID #43.)  Plaintiff's bald assertion that he was given different information was not verified under 28 U.S.C. § 1746, and he identifies no other evidence in support of that assertion.  He has thus failed to demonstrate an issue of fact as to the timeliness of his Complaint, and summary judgment in favor of the Commissioner is therefore appropriate. *Tangwall v. Jablonski*, 111 F. App'x 365, 368 (6th Cir. 2004) ("Bald assertions are insufficient to create a genuine issue of material fact.").

## IV.    DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that the Court **GRANT** the Commissioner of Social Security's Motion to Dismiss Plaintiff's Untimely Complaint, or Alternatively, Motion for Summary Judgment (ECF No. 6) and **DISMISS** Plaintiff's Complaint.

## V.    PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE